UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CASEY HAYES PERRY,

      Plaintiff,

                                          Case No. 23-cv-12694

                                          HON. SUSAN K. DeCLERCQ

KALAMAZOO COUNTY PROBATION
OFFICER,

      Defendant.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL
AND DENYING REQUEST FOR A HEARING**

I.  INTRODUCTION

Plaintiff Casey Hayes Perry, confined at the Macomb Correctional Facility in Lenox Township, Michigan, has filed a *pro se* complaint for a writ of mandamus against Defendant Kalamazoo County Probation Officer.  In 2005, Plaintiff was convicted of first-degree premeditated murder and sentenced to life imprisonment.  Plaintiff seeks a writ of mandamus from the Court to order the Kalamazoo County Probation Officer to amend his Pre-Sentence Investigation Report ("PSIR").  Plaintiff asserts that the PSIR contains false or inaccurate information regarding past criminal offenses that has resulted in a higher security classification and has prevented him from enrolling in certain programs.  The Court has granted Plaintiff leave to proceed without prepayment of the filing fee for this action.  *See* 28 U.S.C. § 1915(a)(1).  Having reviewed the matter, the Court concludes that the complaint for a writ of mandamus must

be dismissed. The Court also concludes that an appeal from this decision cannot be taken in good faith.

## II. DISCUSSION

Plaintiff has been granted leave to proceed without prepaying the filing fee in this action. Plaintiff has been granted *in forma pauperis* status (Dkt. 5). Under the Prison Litigation Reform Act of 1996 (PLRA), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–521 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (punctuation modified). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Id.* at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555-56 (citations and footnote omitted).

Complaints for a writ of mandamus are subject to the screening functions of 28 U.S.C. § 1915. *See Misiak v. Freeh*, 22 F. App'x 384, 386 (6th Cir. 2001) ("The PLRA applies to mandamus petitions that seek relief analogous to civil complaints under 42 U.S.C. § 1983."); *Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996) (finding petitions for a writ of mandamus are included within the meaning of the term "civil action" as used in § 1915).

With the foregoing standards in mind, the Court finds that Plaintiff's complaint for a writ of mandamus is subject to summary dismissal. Mandamus actions in federal court are authorized by 28 U.S.C. § 1361. That statute provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. By its terms, the statute only applies to officers or employees of the United States and does not apply to state officials or employees. *See Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970) ("[F]ederal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties."); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law.").

Consequently, the court lacks subject matter jurisdiction to issue a writ of mandamus as to the named state defendant in this case. *See, e.g., Topsidis v. State*, No. 97-3283, 1997 WL 778106, *1 (6th Cir. Dec. 11, 1997) (providing that mandamus complaint against state officials should be dismissed for lack of jurisdiction); *Sparks v. Doe*, No. 85-3463, 1985 WL 14132, *1 (6th Cir. Dec. 13, 1985) (affirming dismissal of state prisoner's mandamus action as frivolous); *Lee v. Lynch, et al.*, No. 2:16-CV-10561, 2016 WL 727857, *2 (E.D. Mich. Feb. 24, 2016) (dismissing mandamus action against state and federal defendants). Plaintiff's mandamus action against the Kalamazoo County Probation Officer is therefore frivolous and must be dismissed.

### III. CONCLUSION

Based upon the foregoing discussion, the Court concludes that it lacks jurisdiction to issue a writ of mandamus against the named state defendant. Accordingly,

**IT IS ORDERED** that this action is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A.

**IT IS FURTHER ORDERED** that the request for hearing (Dkt. 3) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**SO ORDERED.**

s/ Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: June 25, 2024